UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MICO HOOKANO, individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DELAWARE NORTH COMPANIES, INCORPORATED, et al.,<br><br>    Defendants. | Case No. CV 24-7880 FMO (RAOx)<br><br>**ORDER Re: PENDING MOTION** |

Having reviewed and considered all the briefing filed with respect to plaintiff Jason Mico Hookano's ("plaintiff") Motion to Remand Case to Superior Court, (Dkt. 14, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; L. R. 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

On August 1, 2024, plaintiff filed a putative a wage-and-hour class action in state court against Delaware North Companies, Incorporated and The Patina Group NewCo, LLC (collectively, "defendants"), asserting claims for violations of the California Labor Code and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 3, Declaration of Bethany A. Pelliconi ("Pelliconi Decl.") ¶ 3 & Exh. A, Compl. at ¶¶ 27-72). Among other things, plaintiff alleges unpaid wages, unpaid

minimum wage, unpaid overtime, meal-and-rest period violations, failure to provide accurate wage statements, failure to pay final wages, and failure to reimburse business expenses. (See Dkt. 3, Exh. A, Compl. at ¶¶ 27-72). Plaintiff seeks to represent a class comprised of "[a]ll current and former non-exempt employees who worked for Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint until final judgment." (Id. at ¶ 19).

On September 13, 2024, defendants removed the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). (See Dkt. 1, NOR at ¶ 8). Now pending is plaintiff's motion to remand. (See Dkt. 14, Motion).

## LEGAL STANDARD

Removal of a civil action from the state court where it was filed is proper if the action could have originally been brought in federal court. See 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"). "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1090-91 (9th Cir. 2010); see Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements[.]"). Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014). Indeed, "Congress intended

1  CAFA to be interpreted expansively." Ibarra, 775 F.3d at 1197. With these standards in mind, the
2  court turns to the arguments raised by plaintiff in the instant Motion.

### DISCUSSION

Plaintiff contends that defendant has not shown, by a preponderance of the evidence, that the amount-in-controversy exceeds the $5 million CAFA threshold and that diversity jurisdiction therefore does not exist. (See Dkt. 14, Motion at 3-12). Defendant responds that the NOR's assumptions are reasonable and satisfy CAFA's amount-in-controversy requirement. (See Dkt. 20, Defendants' Opposition to Plaintiff's Motion to Remand ("Opp.") at 12-19).

"A defendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'" Jauregui v. Roadrunner Transportation Services, Inc., 28 F.4th 989, 992 (9th Cir. 2022) (quoting Dart Cherokee, 574 U.S. at 87, 135 S.Ct. at 553). "[T]he plaintiff can contest the amount in controversy by making either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations. . . . When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." Harris v. KM Indus., Inc., 980 F.3d 694, 699 (9th Cir. 2020) (internal citations omitted) "The parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra, 775 F.3d at 1197 (internal quotation marks omitted). "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." Id. at 1198.

The amount-in-controversy "does not mean likely or probable liability; rather, it refers to possible liability." Greene v. Harley-Davidson, Inc., 965 F.3d 767, 772 (9th Cir. 2020). It "reflects the maximum recovery the plaintiff could reasonably recover." Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis in original). "[W]hen the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying assumptions must be reasonable ones." LaCross v. Knight Transp. Inc., 775 F.3d

1200, 1202 (9th Cir. 2015). The underlying "assumptions cannot be pulled from thin air[.]" Ibarra, 775 F.3d at 1199.

The "burden of demonstrating the reasonableness of the assumptions on which the calculation of the amount in controversy [is] based remain[s] at all times with [the defendant]." Harris, 980 F.3d at 701. However, a defendant does not need to "provide evidence proving the assumptions correct[,]" as this would be akin to "impos[ing] a requirement that [the defendant] prove it actually violated the law at the assumed rate." Arias, 936 F.3d at 927. "An assumption may be reasonable if it is founded on the allegations of the complaint." Id. at 925.

In the NOR, defendants allege that, "[b]ased on the class definition in the Complaint, there are approximately 2,828 putative Class Members." (See Dkt. 1, NOR at ¶ 11). Based on an assumed violation rate of 20% for the meal period, rest period, and waiting time penalty claims and 25% for attorney's fees, defendants initially estimated the amount-in-controversy to be nearly $15 million. (See id. at 15 & 17).

According to plaintiff, defendant's calculations are unreasonable and based on speculative assumptions – plaintiff challenges defendant's assumption of a weekly or 20% violation rate for its calculations. (See Dkt.14, Motion at 5, 7 & 9-10). Plaintiff also notes the lack of evidence as to: (1) the number of hours worked per day by class members; (2) the length of shifts worked by class members; (3) whether the class members were part-time or full-time employees; (4) the number of shifts they worked per week; (5) the number of days they worked per week; (6) whether they were paid an additional hour of pay in lieu of a compliant meal period; and (7) whether class members were paid a break premium in lieu of a compliant rest period. (See id. at 8-10); (Plaintiff's Reply in Support of Motion to Remand ("Reply") at 3).

In support of the NOR, defendants submitted a declaration regarding: (1) the number of class members – current and former – during the relevant period; (2) the number of work weeks; and (3) average hourly wage rates. (See Dkt. 4, Declaration of Brittni Browne in Support of [Defendants'] Notice of Removal at ¶ 12). Also, in response to plaintiff's factual attack, defendants submitted a second declaration providing specifics as to the lengths of the shifts worked by the putative class members. According to the second declaration, "[t]he average shift length worked

4

by these 2,828 employees since August 1, 2020 is approximately 6.6 hours; approximately 99% of the shifts were at least 3.5 hours in duration, and approximately 82% of the shifts were more than five hours in duration." (Dkt. 20-1, Declaration of Brittni Browne in Support of Defendants' Opposition at ¶ 12). Based on these figures, defendants re-calculated the meal period, rest period, and waiting time penalty claims and attorney's fees, bringing the total estimated amount-in-controversy to over $13 million. (See Dkt. 20, Opp. at 15 & 19).

Plaintiff argues that the second "declaration failed to address several key facts raised in Plaintiff's motion to remand; most importantly, the number of days the class members worked per week, and the number of shifts class members worked per week." (Dkt. 25, Reply at 4). While plaintiff is correct that defendants' calculations and the reasonableness of their assumptions might change depending on number of days and shifts class members worked per week, the court is persuaded, under the circumstances of this case, that the declarations, coupled with plaintiff's allegations, are sufficient to support defendants' amount-in-controversy calculations. See, e.g., La Grow v. JetBlue Airways Corp., 2024 WL 3291589, *7 (C.D. Cal. 2024) (finding similar declaration sufficient to support 25% violation rate assumption and calculations); Yorba v. Government Employees Ins. Co., 2024 WL 3442416, *2 (S.D. Cal. 2024) ("[A] declaration from a knowledgeable employee along with allegations in the complaint can satisfy the defendant's burden, even without other evidence such as payroll or timekeeping records."). In other words, given the size of the class and breadth of the claims, the court cannot conclude that defendants' assumptions are unreasonable. See, e.g., Jauregui, 28 F.4th at 995 (reversing district court where CAFA's "amount in controversy would be met using any of the plausible figures"); Arias, 936 F.3d at 927 (noting the defendant is not required to "prove it actually violated the law at the assumed rate" or that the "assumptions made part of the defendant's chain of reasoning . . . be proven").

## CONCLUSION

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT plaintiff's Motion to Remand **(Document No. 14) is denied**.

Dated this 7th day of April, 2025.

                                            /s/
                             Fernando M. Olguin
                       United States District Judge